IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FEB 8 2019

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| FIRST INTERSTATE BANCSYSTEM, INC. and FIRST INTERSTATE BANK,<br><br>Plaintiffs,<br><br>vs.<br><br>ALVIN NOT AFRAID, JR., CARLSON GOES AHEAD, RUDOLPH KNUTE OLD CROW, RONALD ARNESON, FRANK WHITE CLAY, SHAWN BACK BONE, and CROW TRIBE OF INDIANS,<br><br>Defendants. | CV 19-10-BLG-SPW<br><br>ORDER GRANTING TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON PRELIMINARY INJUCTION |

Before the Court is a motion for an emergency temporary restraining order filed by Defendants Alvin Not Afraid, Jr., Rudolph Knute Old Crow, and Ronald Arneson. The Court grants the motion because the Crow Tribal Court's restraining orders, issued January 18 and 29, 2019, recognize Alvin Not Afraid, Jr., as the current Crow Tribe Chairman. The Court respects the Crow Tribal Court's orders.

I. **Background**

This dispute concerns access to funds held by First Interstate Bank on behalf of the Crow Tribe of Indians. In early January 2019, Tribe Vice-Chairman Carlson

1

Goes Ahead and Tribe Vice-Secretary Shawn Back Bone filed a petition seeking to remove Tribe Chairman Alvin Not Afraid and Tribe Secretary Rudolph Knute Old Crow from their official positions. (Doc. 1 at 4). Under the Crow Constitution, removal of an executive branch official requires at least two-thirds vote of the Tribe's general council. The general council is comprised of all Tribal members eligible to vote. (Doc. 1 at 4). The petition set the vote to occur on January 19, 2019. (Doc. 1 at 4).

On January 18, 2019, Not Afraid and Old Crow filed a complaint and motion for temporary restraining order in Crow Tribal Court. (Doc. 1 at 4). On January 19, 2019, the Crow Tribal Court issued a temporary restraining order which restrained Goes Ahead and Back Bone from Not Afraid and Old Crow's "place of work, residence, vehicles and/or person to include public and Tribal Government Functions." (Docs. 1-1 at 1; 7-1 at 2). The same day, the general council voted to remove Not Afraid and Old Crow from their official positions. (Doc. 1 at 5). On January 22, 2019, the Tribe Legislature swore in Goes Ahead and Back Bone as the new Chairman and Secretary, respectively. (Doc. 1 at 5).

After being sworn in, Goes Ahead and Back Bone sent a letter to First Interstate Bank requesting the Tribe's accounts be frozen until Goes Ahead and Back Bone became the official signatories. (Docs. 1 at 5; 1-2). As requested, First Interstate Bank froze the Tribe's accounts. (Doc. 1 at 5). A few days later, Not

Afraid sent a letter to First Interstate Bank claiming he was still the rightful Tribe Chairman under the Crow Tribal Court's temporary restraining order and requested First Interstate Bank unfreeze the accounts or else face legal action. (Docs. 1 at 5; 1-3). Crow Tribe Attorney General Ronald Arneson sent First Interstate Bank a similar letter, stating Not Afraid was the legitimate Tribe Chairman and requested the accounts be unfrozen. (Docs. 1 at 6; 1-4).

On January 29, 2019, the Crow Tribal Court extended its January 18, 2019 temporary restraining order, stating Goes Ahead and Back Bone shall not "assume or occupy [Not Afraid and Old Crow's] position, title or duty and or [sic] financial signature authority which protects and maintains the status quo of the defendants original filing date of the 18th of January 2019." (Doc. 1-5). The Crow Tribal Court set a hearing on the matter for February 12, 2019. (Doc. 1-5). In response to the Crow Tribal Court's order, First Interstate Bank unfroze the Tribe's accounts and permitted Not Afraid access. (Doc. 1 at 6-7). On January 31, 2019, the Crow Legislature's legal counsel sent First Interstate Bank a letter alleging impropriety and threatening suit if it continued to allow Not Afraid access. (Docs. 1 at 7; 1-7). First Interstate Bank refroze the accounts and filed this interpleader action, requesting the Court accept deposit of the funds and determine the competing claims for access to the funds. (Doc. 1 at 8-9).

## II.   Temporary restraining order

Not Afraid, Old Crow, and Arneson request a temporary restraining order requiring First Interstate Bank to unfreeze the Tribe's accounts and provide access to Not Afraid as the recognized Tribe Chairman and official signatory for the account. Not Afraid swears by affidavit that (1) he is the legitimate Tribe Chairman until the Crow Tribal Court recognizes otherwise; (2) the Tribe Chairman is responsible for administering the Tribe's finances; (3) the Tribe passed its annual budget on November 16, 2018, which authorizes the Tribe Chairman's office to make expenditures; (4) there are approximately 14,000 Tribe members, many of whom live on or near the Crow Indian Reservation, an area over two million acres; (5) the Tribe Chairman is responsible for ensuring programs for essential services, such as medical transport, snow removal, education, elder care, child care, criminal and civil courts, school supplies, and payroll; (6) the Tribe Chairman's office has been asked for financial support for heat, electricity, and water bills but is unable to address the need without access to the Tribe's accounts; (7) the Tribe Chairman's office has been asked for financial support for medical transport but is unable to address the need without access to the Tribe's accounts; (8) the Tribe Chairman's office has been asked to release elder benefits checks but is unable to address the need without access to the Tribe's accounts; and (9) the Tribe Chairman's office has been asked to purchase hay for

the Tribe's buffalo herd but is unable to address the need without access to the Tribe's accounts. (Doc. 7-1).

A Court may issue a temporary restraining order if the movant shows (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to them in the absence of preliminary relief; (3) the balance of equities tip in their favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20-23 (2008). In certain cases, "serious questions going to the merits," and a hardship balance that tips sharply toward the plaintiff can support the issuance of a temporary restraining order, assuming the other two *Winter* elements are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). The "serious questions" standard permits a district court to grant a temporary restraining order in situations where it cannot determine with confidence that the moving party is more likely than not to prevail on the merits, but where the costs outweigh the benefits of not granting the restraining order. *Cottrell*, 632 F.3d at 1132. Serious questions "need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988).

### A. There are serious questions going to the merits

The Court holds there are serious questions going to the merits because the Crow Tribal Court's restraining orders maintain the status quo that Not Afraid is

the Tribe Chairman and prevent Goes Ahead and Back Bone from assuming or occupying Not Afraid and Old Crow's positions, titles, duties, and financial signature authority. The Crow Tribal Court is holding a hearing on February 12, 2019, to determine the matter. The Court respects the Crow Tribal Court's orders.

### B. The Tribe members will suffer irreparable harm without a functioning Tribal government

Not Afraid's affidavit contains numerous serious harms that have and will continue to occur so long as the accounts remain frozen. The most important of these concerns is Montana's February weather, which presents a risk of bodily injury or death without heat, electricity, food, water, and medical transport. Not Afraid swears under oath members of the Tribe are without these essential services unless the Tribe has access to the accounts. The Court holds irreparable harm is serious and likely.

### C. Equities

The Court holds the balance of hardships tips sharply in favor of issuing the temporary restraining order. First, issuing a temporary restraining order merely maintains the status quo that Not Afraid is currently the Tribe Chairman, as stated by the Crow Tribal Court. As Tribe Chairman, Not Afraid is tasked with administering the Tribe's budget, which he cannot do without access to the Tribe's accounts. Second, on February 12, 2019, the Crow Tribal Court is holding a hearing to determine the legitimate chairman. A temporary restraining order or

preliminary injunction issued by this Court will necessarily be extinguished when the Crow Tribal Court determines the merits issue, i.e., who is the legitimate chairman. Assuming the Crow Tribal Court decides the case fairly quickly, any burden due to this Court's temporary restraining order will be brief, whereas delay in access to heat, electricity, food, water, and medical transport in February in Montana could have life changing and/or life ending consequences.

### D. Public Interest

The public interest is firmly in favor of granting the temporary restraining order, because the public bears the brunt of a government that cannot provide essential services.

## III. Notice

The movants request the temporary restraining order be issued without notice. A court may issue a temporary restraining order without notice if (1) specific facts in an affidavit clearly show immediate and irreparable injury, loss, or damage will result before the opposing party can be heard in opposition and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(A-b).

For the reasons stated in its analysis of *Winter*'s irreparable harm element, the Court holds the movants have articulated specific facts in an affidavit that clearly show immediate and irreparable injury. The movants' attorney certifies he

has not made efforts to provide First Interstate Bank notice, but states notice should not be required because First Interstate Bank does not appreciate the gravity of the situation. Further, the movants' attorney relies on the likely irreparable harm suffered by Tribe members requesting access to heat, electricity, food, water, and medical transport in February in Montana, which the Tribe government cannot provide without access to its accounts. The Court finds the movants have satisfied the requirements to issue a temporary restraining order without notice.

**IV.  Order**

It is hereby ordered:

1. First Interstate Bank is temporarily restrained from preventing Not Afraid, as the recognized Tribe Chairman by the Crow Tribal Court and official signatory for the Tribe's accounts, from accessing the Tribe's accounts held with First Interstate Bank.

2. This Order expires 14 days after date of entry, unless extended by the Court for good cause.

3. A hearing on a preliminary injunction is scheduled for **9:30 AM** on **Thursday, February 14, 2019, in Billings.**

DATED this 8th day of February, 2019, at 2:20 pm.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge

8