IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
FEB 1 4 2019
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| FIRST INTERSTATE BANCSYSTEM, INC. and FIRST INTERSTATE BANK,<br><br>Plaintiffs,<br><br>vs.<br><br>ALVIN NOT AFRAID, JR., CARLSON GOES AHEAD, RUDOLPH KNUTE OLD CROW, RONALD ARNESON, FRANK WHITE CLAY, SHAWN BACK BONE, and CROW TRIBE OF INDIANS,<br><br>Defendants. | CV 19-10-BLG-SPW<br><br>ORDER GRANTING MOTION TO QUASH, VACATING HEARING, AND DISMISSING THE CASE |

Before the Court is Defendant Frank White Clay's Motion to Quash TRO (Doc. 15). The Court grants the motion, vacates the preliminary injunction hearing and dismisses the case for the reasons set forth below.

I. Discussion

This Court issued a temporary restraining order on February 8, 2019, to afford comity and recognize and enforce the Crow Tribal Court's January 19, 2019, and January 29, 2019, restraining orders. (Doc. 14). Upon review of White Clay's motion to quash and the documents in support, the Court determines that

1

the Crow Tribal Civil Court's January 29, 2019, restraining order maintains the status quo that Not Afraid Jr. is the Tribe Chairman and prevents Goes Ahead and Back Bone from assuming or occupying Not Afraid Jr. and Old Crow's positions, titles, duties, and *financial signature authority*. (Doc. 1-1 at 1-2). In other words, the Crow Tribal Civil Court has already determined that Not Afraid, Jr., not Goes Ahead or Back Bone, is entitled to access funds belonging to the Crow Tribe currently held by First Interstate Bank. Accordingly, a temporary restraining order or injunction from this Court stating the same is redundant and unnecessary.

The Crow Tribal Civil Court's January 29, 2019, order also resolves First Interstate Bank's cause of action. "Interpleader is a procedural device used to resolve conflicting claims to money or property. It enables a person or entity in possession of a tangible res or fund of money (the 'stakeholder') to join in a single suit two or more 'claimants' asserting mutually exclusive claims to that stake." *Nevada v. Pioneer Cos.*, 245 F Supp.2d 1120, 1125 (D. Nev. 2003); *see also Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F 3d 977, 980 (9th Cir.1999) ("Section 1335 allows a stakeholder to file an interpleader action to protect itself against the problems posed by multiple claimants to a single fund.").

In order to bring a statutory interpleader action, the plaintiff must establish that there are "two or more adverse claimants, of diverse citizenship ... [who] are claiming or may claim to be entitled to such money or property. . . ." 28 U.S.C. §

1335(a)(1). Moreover, "in order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012).

The issue between Not Afraid, Jr., and Goes Ahead is a dispute over who has check writing authority on the First Interstate Bank accounts. But in light of the Crow Tribal Civil Court's January 29, 2019, order, neither Goes Ahead nor Back Bone have any financial signature authority for the tribal funds in the First Interstate Bank accounts at issue. Neither Not Afraid Jr., nor Goes Ahead nor Back Bone have a claim to the actual funds (the "stake"). The funds belong to the Crow Tribe and only the Crow Tribe may claim entitlement to the funds. *See Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504, 508 (9th Cir. 1979) (holding that, where "only one party makes a claim against the fund that is insufficient [to confer statutory interpleader jurisdiction]"). There is nothing before the Court indicating that the Crow Tribe does not want the funds to remain in the accounts at First Interstate Bank. To that end, placing the funds with the Court would accomplish nothing. Once a chairman is determined, the signing authority issue will be resolved, and the chairman will need to access the money on behalf of the Crow Tribe through the First Interstate Bank accounts. The funds remain the Crow Tribe's throughout this process. Accordingly, this Court does not

3

have interpleader jurisdiction over the present case because First Interstate Bank has failed to establish that there are two or more adverse claimants who "may claim" entitlement to the tribal funds.  *See* 28 U.S.C. § 1335(a)(1).

## II.  Conclusion

For the reasons set forth above, White Clay's Motion to Quash TRO (Doc. 15) is GRANTED and his motion for hearing is DENIED as moot.  White Clay's Second Motion to Quash (Doc. 18) is also DENIED as moot.

IT IS ORDERED that because this Court lacks jurisdiction pursuant to the federal interpleader statute, this case is DISMISSED without prejudice and the preliminary injunction hearing set for Thursday, February 14, 2019, at 9:30 a.m. is VACATED.

DATED this 14th day of February 2019.

SUSAN P. WATTERS
United States District Judge